UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Yetha Idriss Lumumba,

    Plaintiff,

        v.                               Civil Action No. 1:13-CV-158

Haywood Mack, Matthew Engels,
Chad Pressey,

    Defendants.

## REPORT AND RECOMMENDATION
(Docs. 6, 13)

Plaintiff Yetha Idriss Lumumba brings this action *pro se*, pursuant to 42 U.S.C. § 1983, against Defendants—fellow inmate Haywood Mack and Vermont Department of Corrections (DOC) officials Matthew Engels and Chad Pressey. (Doc. 5.) Mr. Lumumba alleges that he was the victim of an assault perpetrated by Mr. Mack, and that Mr. Engels and Mr. Pressey, in their roles as correctional officers and in violation of the Eighth Amendment to the United States Constitution, failed to protect him from the assault and take proper corrective action after the assault took place. Mr. Mack (Doc. 6) and the two correctional officers (Doc. 13) have moved to dismiss. Mr. Lumumba has filed a response to Mr. Mack's Motion to Dismiss (Doc. 14), and has since filed a

"Verified Complaint" (hereafter referred to as "Amended Complaint") naming only Mr. Mack as a Defendant (Doc. 15).[1]

Although the Defendants' motions to dismiss predate the Amended Complaint, when "a plaintiff amends its complaint while a motion to dismiss is pending . . . [a] court then has a variety of ways in which it may deal with the pending motion, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 80 (D. Conn. 1994). Here, as the Amended Complaint is a nearly verbatim recitation of the original Complaint, offers no new facts that would affect an assessment of the merits, and differs primarily in its listing of named Defendants and prayer for relief, I opt to consider the merits of the pending motions using the facts as alleged in both versions of the Complaint and the listing of parties present in the Amended Complaint.

For the reasons that follow, I recommend that Mr. Mack's Motion to Dismiss (Doc. 6) be GRANTED IN PART and DENIED IN PART, and that Mr. Engels and Mr. Pressey's Motion to Dismiss (Doc. 13) be DENIED as moot.

---

[1] While the Amended Complaint was filed outside the 21-day window for the filing of amendments "as a matter of course," Fed. R. Civ. P. 15(a)(1), and without Defendants' consent or leave to amend, Fed. R. Civ. P. 15(a)(2), I accept Mr. Lumumba's filing of the Amended Complaint given his status as a *pro se* litigant, the fact that the rule notes that leave (if sought) should be "freely give[n]," Fed. R. Civ. P. 15(a)(2), and the lack of any prejudice to Defendants. *See* 6 Charles Alan Wright et al., Federal Practice and Procedure Civil § 1484 (3d ed. 2013) ("Permitting an amendment without formal application to the court under these circumstances [i.e., where leave to amend would have been granted had it been sought and where it does not appear that any party would be prejudiced] is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities.").

**Factual and Procedural Background**

For the purposes of deciding the pending motions, all facts alleged in the Complaint are accepted as true.[2] Mr. Lumumba is an inmate in the custody and control of the Vermont DOC. He claims that Mr. Mack, a fellow inmate at the Northwest State Correctional Facility, punched him in the face during a game of cards on October 13, 2012. From the outset of the game, Mr. Lumumba felt "uncomfortable" and "stiff" because "all [the other] inmates looked as though they wanted to be anywhere other than where they were." (Doc. 5 at 5.) Mr. Mack then began asking Mr. Lumumba "numerous questions about [his] case[]files," including questions that, according to the Complaint, were designed to start "negative rumors" about "oral sex in jail." (*Id.*) As Mr. Mack persisted in asking questions in this vein, Mr. Lumumba "desp[e]rately" wanted to leave the card game. (*Id.*) In answer to Mr. Mack's questions, Mr. Lumumba responded: "No, I did not and I do not do that kind[] of behavior[]." (*Id.*)

After this exchange with Mr. Mack, Mr. Lumumba was "sucker punched above [his] left eye on [his] head" (*id.*), "hard enough that [he] couldn't []defend [himself]" (*id.* at 7). "[His] head snapped back, [and] blood trick[l]ed from the corner of [his] eye, from near [his] nose." (*Id.*) At this time, "there was no one else around who might get [Mack] in trouble[,] such as correctional officials." (*Id.*) Mr. Lumumba then covered his face with his hands and quickly went to the bathroom to examine the extent of his injuries; where he had been struck "above [his] right eye looked like three injured bumps from one

---

[2] The factual allegations in the Complaint (Doc. 5 at 57) and the Amended Complaint (Doc. 15 at 5–7) are identical.

3

extreme punch." (*Id*. at 6.)  Mr. Lumumba alleges that, as a result of the assault, he suffered a cut on the corner of his left eye, his eye "felt sandy," and he experienced blurry vision.  (*Id*. at 7.)  Beyond his physical injuries, Mr. Lumumba also claims to have suffered "emotional distress" and "embar[r]assment."  (Doc. 15 at 2.)

Mr. Lumumba filed his Complaint with this Court on June 7, 2013 (Doc. 5), which he subsequently amended on August 6, 2013 (Doc. 15).[3]  Although the original Complaint lists Mack, Engels, and Pressey as Defendants (Doc. 5 at 1, 3), the Amended Complaint only identifies Mr. Mack as a Defendant (Doc. 15 at 1).  In his Amended Complaint, Mr. Lumumba claims that Mr. Mack's actions "violated the U.S. Constitutional Bill[] of Rights" (Doc. 15 at 1) and violated a number of federal criminal statutes—18 U.S.C. §§ 113(a)(2), 113(a)(4), 2246(3), and 2246(4).  (Doc. 15 at 2.)  Additionally, Mr. Lumumba cites Mr. Mack's "substantial interference with the plaintiff's use and quiet enjoyment of a prison system" as well as his "intentional infliction of emotional distress." (*Id*.)  For relief, Mr. Lumumba seeks: a declaratory judgment, a temporary restraining order "ordering defendant to immediately cease and discontinue any effort to illegally assault the Plaintiff," a "preliminary and permanent injunction that defendant must discontinue any effort to illegally be around the Plaintiff," damages in the amount of $175,500, and costs associated with the litigation.  (Doc. 15 at 3.)

---

[3] The Amended Complaint also includes a number of documents offered in support of Mr. Lumumba's claims, primarily grievances and appeals filed within DOC facilities.  (Docs. 15-1, 15-2.)

Mr. Mack has filed a *pro se* Motion to Dismiss, claiming that Mr. Lumumba had failed to state a claim for which relief can be granted. (Doc. 6.) Defendants Engels and Pressey have also moved to dismiss for failure to state a claim. (Doc. 13.)

## Discussion

### I. Motion to Dismiss Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "provide the grounds upon which [its] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A plaintiff must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As described by the Supreme Court in *Iqbal* and *Twombly*, this does not require a plaintiff to provide "detailed factual allegations" to support his claims, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In assessing the adequacy of the pleadings, a court must accept all factual assertions as true and draw all reasonable inferences in favor of the plaintiff.  *See Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011); *ATSI Commc'ns*, 493 F.3d at 98.  A complaint is properly dismissed, where, as a matter of law, "the allegations in [it], however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.  Conversely, this presumption of truth "is inapplicable to legal conclusions," and therefore a court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678; *see also Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) ("We are not . . . bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." (internal quotation omitted)).

The question on a Rule 12(b)(6) motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" raised in the complaint.  *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of the claims.  *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).  In essence, the question is whether some plausible narrative supports the plaintiff's claim such that the case merits discovery; the Federal Rules of Civil Procedure

"do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

In cases involving a *pro se* plaintiff, the Court must construe the complaint "liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), by "reading such submissions 'to raise the strongest arguments they suggest.'" *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

> This policy of liberally construing *pro se* [complaints] is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  In assessing *pro se* complaints challenged by Rule 12(b)(6) motions to dismiss, courts "apply[] a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000).  "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Nonetheless, even *pro se* litigants "remain subject to the general standard applicable to all civil complaints under the Supreme Court's decisions in *Twombly* and *Iqbal*." *Brickhouse v. City of New York*, No. 09 CIV. 9353(NRB), 2010 WL 3341845, at *2 (S.D.N.Y. Aug. 16, 2010).

## II.   Mr. Engels and Mr. Pressey's Motion to Dismiss (Doc. 13)

Defendants Engels and Pressey have moved to dismiss for a variety of reasons, chiefly arguing that any Eighth Amendment claim for their failure to protect Mr. Lumumba must fail on its merits because there is no allegation that either DOC official was aware of, and disregarded, a risk to his safety.  I need not go so far.

As mentioned, Mr. Lumumba filed an Amended Complaint after the filing of both Motions to Dismiss, and the Amended Complaint only identifies Mr. Mack as a Defendant.  Specifically, Mr. Lumumba changed the caption in his Amended Complaint, and, in its section identifying the parties, listed only "Defendant, Haywood Mack."  (Doc. 15 at 1.)  In fact, Mr. Engels's name does not even show up in the Amended Complaint, and Mr. Pressey is mentioned only once in passing.  (Doc. 15 at 1.)  In apparent recognition of their absence from the case, Mr. Lumumba has not responded to their Motion to Dismiss, instead opting to respond only to Mr. Mack's pending motion.  (Doc. 14.)  Given that they are not identified as defendants in Mr. Lumumba's Amended Complaint, Defendants Engels and Pressey are no longer parties to the case.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation omitted)).

Motions to dismiss filed by nonparties should be denied as moot.  *See Pope Invs. II, LLC v. Deheng Law Firm*, No. 10 Civ. 6608(LLS), 2012 WL 3526621, at *8 (S.D.N.Y. Aug.15, 2012).  In light of their absence from the Amended Complaint, Mr.

Engels and Mr. Pressey should be terminated as defendants, and their Motion to Dismiss (Doc. 13) should be DENIED as moot.

## III.    Mr. Mack's Motion to Dismiss (Doc. 6)

Mr. Lumumba's § 1983 claim against Mr. Mack must fail.  Federal law provides a civil claim for damages against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."  42 U.S.C. § 1983.  To succeed on a § 1983 claim, a plaintiff must allege: "(1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of h[is] federal statutory rights, or h[is] constitutional rights or privileges."  *Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Mr. Mack, like Mr. Lumumba, is a Vermont prisoner.  He is a not a government employee or actor, and there is nothing to suggest otherwise in either version of the Complaint.  Proving that a defendant "acted under color of law" is an essential element of a § 1983 claim.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  This comports with the purpose of § 1983, which is "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

9

Because Mr. Lumumba has not alleged an essential element of his § 1983 claim against Mr. Mack, that claim must fail as a matter of law.  *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (dismissing § 1983 claim against fellow inmate); *see also Hutchinson v. Jefferson Cnty. Jail*, 242 F.3d 375 (8th Cir. 2000) (per curiam); *Figalora v. Smith*, 238 F. Supp. 2d 658, 661 (D. Del. 2002); *Lacy v. Berge*, 921 F. Supp. 600, 611 (E.D. Wis. 1996); *Barnes v. Childs*, 63 F.R.D. 628, 629–30 (N.D. Miss. 1974).

Mr. Lumumba's Title 18 claims also fail.  None of the federal criminal statutes that Mr. Lumumba cites in support of his claim against Mr. Mack create private rights of action.  Generally, violations of the criminal code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action.  *See Cort v. Ash*, 422 U.S. 66, 79 (1975); *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action."); *see also Seabury v. City of New York*, No. 06-CV-1477(NGG), 2006 WL 1367396, at *6 n.7 (E.D.N.Y. May 18, 2006) (holding that most sections of the criminal code may only be prosecuted by the government).  Mr. Lumumba specifically cites 18 U.S.C. § 113, which defines certain acts (various permutations of assault) as criminal offenses.  This provision "do[es] not create a private cause of action."  *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997).  The other section that Mr. Lumumba refers to, 18 U.S.C. § 2246, merely defines various terms applicable throughout the federal criminal code, and thus plainly does not create a cognizable private right of action.

Assuming that Mr. Lumumba's remaining claims could be construed as causes of action under state law, the issue becomes whether this Court has original jurisdiction over those claims. For the reasons discussed below, a liberal reading of the Amended Complaint suggests that the Court might have original jurisdiction under the diversity statute, and that the Court should therefore deny Mr. Mack's motion to dismiss Mr. Lumumba's state-law claims and grant Mr. Lumumba leave to amend. See *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("'A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))).

The diversity statute confers original jurisdiction on the federal courts with respect to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Here, Mr. Lumumba has alleged damages in the amount of $175,500. He is entitled to "'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).

Moreover, Mr. Lumumba has described himself as a "Mainer." (Doc. 15 at 1.) As the Second Circuit has stated, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . . Domicile is 'the place where a person has his true fixed home and principal establishment . . . .'" *Palazzo ex rel. Delmage v.*

11

*Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). In addition, "a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile." *Fermin v. Moriarty*, No. 96 Civ. 3022(MBM), 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003). Here, it is unclear whether Mr. Lumumba intended to assert that he was domiciled in Maine at the time he filed this case. He also has not made any allegation concerning Mr. Mack's citizenship. However, reading Mr. Lumumba's Verified Complaint liberally, there is at least some indication that Mr. Lumumba and Mr. Mack might be domiciled in different states, or they might not both be Vermont citizens. In any event, it is Mr. Lumumba who bears the burden of proving that this Court has subject-matter jurisdiction. *Marakova v. United States*, 201 F.3d 110,113 (2d Cir. 2000).

I therefore recommend granting Mr. Mack's Motion to Dismiss insofar as it seeks dismissal of Mr. Lumumba's § 1983 and Title 18 claims, but denying the Motion on Mr. Lumumba's state-law claims to give Mr. Lumumba an opportunity to amend his Complaint. If Mr. Lumumba chooses to file an amended pleading in this Court, it must be entitled "Second Amended Complaint" and must include a jurisdictional statement. The Second Amended Complaint would replace all prior Complaints, thereby invalidating the original Complaint and the subsequent "Verified Complaint." If Mr. Lumumba chooses to file a Second Amended Complaint, he must do so within 21 days of the Court's ruling on this Report and Recommendation. Failure to file a timely Second Amended Complaint, or to allege facts establishing diversity jurisdiction, may result in dismissal of this case without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of*

*New York*, 274 F.3d 740, 754 (2d Cir. 2001) (noting that, where all federal claims have been dismissed, the state claims may be dismissed without prejudice and left for resolution in state court).

## **Conclusion**

For the reasons stated, Mr. Engels and Mr. Pressey's Motion to Dismiss (Doc. 13) should be DENIED as moot, and because they are not identified as parties in the Amended Complaint, they should be terminated as defendants. The Court should GRANT Mr. Mack's Motion to Dismiss (Doc. 6) insofar as the Motion seeks dismissal of Mr. Lumumba's § 1983 and Title 18 claims, and should DENY the Motion with respect to Mr. Lumumba's state-law claims to give Mr. Lumumba an opportunity to amend his Complaint as described above, if he so chooses. Failure to file a timely Second Amended Complaint, or to allege facts establishing diversity jurisdiction, may result in dismissal of this case without prejudice

Dated at Burlington, in the District of Vermont, this 23rd day of September, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).